1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON PLASCENCIA IBARRA,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>PLAZA HOME MORTGAGE; MASON FINANCIAL; INDYMAC FEDERAL BANK; and ALL OTHER CLAIMANTS OF WHATSOEVER KIND AND CHARACTER AGAINST REAL PROPERTY COMMONLY KNOWN AS 6327 NEWSOME DRIVE, SAN DIEGO, CA 92116 APN 473-571-04-00; and DOES 1 through 100, inclusive,<br><br>                                  Defendants. | **CASE NO. 08-CV-01707-H (JMA)**<br><br>**ORDER GRANTING DEFENDANT FDIC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

On August 7, 2009, Defendant Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac, F.S.B. and as Receiver for IndyMac Federal Bank, FSB (the "FDIC-Receiver"), filed a motion for judgment on the pleadings.  (Doc. No. 35.)  Plaintiff Ramon Plascencia Ibarra filed a response in opposition on August 24, 2009.   (Doc. No. 37.)  Defendant FDIC filed a reply on August 31, 2009.  (Doc. No. 41.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers.  For the reasons set forth below, the Court grants Defendant FDIC's motion for judgment on the pleadings.

## **Background**

Plaintiff Ramon Plascencia Ibarra instituted this action against Defendants Plaza Home Mortgage ("Plaza"), Mason Financial ("Mason"), and IndyMac Federal Bank ("IndyMac") arising out of foreclosure proceedings on his home.  Plaintiff alleges causes of action for: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq.; (3) violation of California Civil Code §1632 et seq.; (4) negligent misrepresentation; (5) rescission; and (6) unjust enrichment.  (Doc. No. 1, Compl.)

Plaintiff alleges that he resides at 6327 Newsome Drive, San Diego, California ("Subject Property") and that he entered into a loan transaction with Defendant Plaza, as the originating lender, on December 8, 2006.  (Compl. ¶¶ 1, 2, 14.)  Plaintiff alleges that Defendant Mason was the broker involved in the origination of the loan and that IndyMac is the servicer of the loan.  (Id. ¶¶ 3, 4, 5.)  Plaintiff alleges that he obtained the loan at the request of Mason Financial and Plaza and that Defendants committed wrongful acts before the initiation of the loan and during the servicing period of the loan.  (Id. ¶¶ 14-15.)  Plaintiff alleges that prior to the funding of the loan, Mason and/or Plaza represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him and that as a result, Mason and Plaza convinced Plaintiff to refinance the loan on the Subject Property and take on a new loan with Plaza.  (Id. ¶ 15.)  Plaintiff alleges, on information and belief, that "Mason, Plaza and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees," and that "Mason, Plaza and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the loan, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants."  (Id. ¶ 15.)

Plaintiff alleges that despite these representations concerning the loan, the loan was not as represented because it was at a higher interest rate, the payments were higher than agreed upon, there was less equity in the Property than represented, there was less money available

1   to Plaintiff than represented, and the loan became unaffordable for Plaintiff.  (Id. ¶ 16.)
2   Plaintiff further alleges that Defendants failed to provide Plaintiff a proper notice of the right
3   to cancel at the time of the transaction and did not provide accurate disclosures of the costs of
4   financing, APR, payment obligations, or the type of loan at the time of the transaction and
5   subsequent to the time of transaction.  (Id. ¶ 17.)  Plaintiff alleges, on information and belief,
6   that the loan and related contracts contain conflicting terms that are not reasonably amenable
7   to understanding by a consumer.   (Id. ¶ 18.) Plaintiff alleges that IndyMac and other
8   defendants purchased or otherwise acquired unknown rights and/or responsibilities relating to
9   the loan from Plaza at some unknown date and that all defendants are directly, jointly and
10  severally liable for the actions of Mason, Plaza, and IndyMac.  (Id. ¶ 21.)

11       On February 9, 2009, the Court granted a joint motion to substitute the FDIC in the
12  place of IndyMac Federal Bank, FSB in this action as on July 11, 2008, the Office of Thrift
13  Supervision closed IndyMac Bank, FSB,  appointed the FDIC as Receiver for IndyMac Bank,
14  FSB under 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5), chartered a new institution, IndyMac
15  Federal Bank, FSB, and appointed the FDIC as Conservator to operate the institution.  (Doc.
16  No. 26.)  The FDIC now seeks judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c).

17                                  **Discussion**

18  **I.  Standard for Judgment on the Pleadings**

19       Defendant FDIC-Receiver has moved for judgment on the pleadings under Fed. R. Civ.
20  Pro. 12(c), which is treated the same as a motion to dismiss for failure to state a claim under
21  Fed. R. Civ. Pro. 12(b)(6).  Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).  A motion
22  for judgment on the pleadings under Rule 12(c) "shall be granted when it appears that moving
23  party is entitled to judgment as a matter of law." Geraci v. Homestreet Bank, 347 F.3d 749,
24  751 (9th Cir.2003).

25       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests
26  the legal sufficiency of the claims asserted in the complaint.  Navarro v. Black, 250 F.3d 729,
27  731 (9th Cir. 2001).  A complaint generally must satisfy only the minimal notice pleading
28  requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule

12(b)(6) motion.  <u>Porter v. Jones</u>, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (<u>quoting</u> <u>id.</u> at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir.1996); <u>see also</u> <u>Twombly</u>, 127 S.Ct. at 1964–65.

　　"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n .19 (9th Cir.1990).  The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir.1994).  In evaluating a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" as long as: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  <u>Marder v. Lopez</u>, 450 F.3d 445, 448 (9th Cir. 2006).  In addition, a court ruling on a motion to dismiss may consider facts that are subject to judicial notice under Fed. R. Evid. 201. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir.2001).  Plaintiff has submitted three letters sent to IndyMac as Qualified Written Requests,

1   which are referred to in the complaint and no party questions the authenticity of the copies

2   submitted by Plaintiff.  (Doc. No. 37, Quintana Decl. Exs. A-C.)  Plaintiff also requests the

3   Court take judicial notice of certain documents issued by the California Department of Real

4   Estate and the California Department of Consumer Affairs.  (Doc. No. 37, RJN.)  The Court

5   declines to take judicial notice of these documents, as Plaintiff has not established how these

6   documents are properly subject to judicial notice under Fed. R. Evid. 201.

7   **A. RESPA**

8        Plaintiff's first cause of action against FDIC-Receiver is for a violation of the federal

9   Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.  (Compl. ¶¶ 26-31.)  The

10  Federal Real Estate Settlement Procedures Act ("RESPA") requires that "[i]f any servicer of

11  a federally related mortgage loan receives a qualified written request from the borrower (or an

12  agent of the borrower) for information relating to the servicing of such loan, the servicer shall

13  provide a written response acknowledging receipt of the correspondence within 20 days . . .

14  unless the action requested is taken within such period."  12 U.S.C. §2605(e)(1)(A).  RESPA

15  also provides that, "[e]ach servicer of any federally related mortgage loan shall notify the

16  borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other

17  person" and that "[d]uring the 60-day period beginning on the effective date of transfer of the

18  servicing of any federally related mortgage loan, a late fee may not be imposed on the

19  borrower."  12 U.S.C. § 2605(b)(1) & (d).  "Servicer" is defined in the statute as, "the person

20  responsible for servicing of a loan (including the person who makes or holds a loan if such

21  person also services the loan)."  12 U.S.C. § 2605(i)(2).

22       Plaintiff alleges that Mason, Plaza, and IndyMac failed to adequately respond to

23  Plaintiff's requests for information regarding the loan, for an opportunity to work out the loan

24  Qualified Written Requests, and failed to adequately respond to Plaintiff's Qualified Written

25  Requests.  (Compl. ¶¶ 27-28.)  Plaintiff also alleges that Plaza, IndyMac and other defendants

26  improperly imposed a late fee on Plaintiff within 60 days of the loan transfer.  (Id. ¶ 30.)

27  Plaintiff does not allege in the complaint when any Qualified Written Request was sent, who

28  it was sent to, or what information the request sought.  Plaintiff also does not allege in the

1   complaint when the alleged transfer took place, when the alleged late fee was imposed, what
2   specific entity imposed the late fee, or how any late fee was improper under the terms of TILA.
3   Plaintiff, however, has submitted as attachments to his opposition three letters requesting
4   information on the loan that were sent to IndyMac on April 7, 2008, April 28, 2008, and June
5   19, 2008.  (Doc. No. 37, Quintana Decl. Exs. A-C.)

6        The Court concludes that FDIC-Receiver is entitled to judgment on Plaintiff's first
7   cause of action.  Under RESPA, the FDIC is explicitly excluded from the definition of a
8   "servicer."  12 U.S.C. § 2605(i)(2).  Section 2605(i)(2)(A) states that the term "servicer" does
9   not include, "the Federal Deposit Insurance Corporation . . ., in connection with assets
10  acquired, assigned, sold, or transferred pursuant to section 1823(c) of this title or as receiver
11  or conservator of an insured depository institution."  Under the explicit terms of RESPA, the
12  FDIC as Receiver for IndyMac cannot be liable as a servicer for the alleged failures of
13  IndyMac to respond to Qualified Written Requests and the alleged improperly assessed late
14  fee.  Plaintiff does not dispute that FDIC-Receiver is the proper party in this case, and along
15  with Defendant FDIC-Receiver and Defendant Plaza submitted a joint motion substituting
16  FDIC-Receiver in place of IndyMac as a defendant.  (Doc. No. 23.)  Because the Court
17  concludes that FDIC-Receiver is entitled to judgment on the pleadings on Plaintiff's first cause
18  of action based upon FDIC-Receiver's exclusion from the RESPA definition of a servicer, the
19  Court need not reach FDIC-Receiver's alternative arguments on this cause of action.

20  **B.  TILA**

21       Plaintiff's second cause of action against FDIC-Receiver is for a violation of the federal
22  Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.  (Compl. ¶¶ 32-35.)  TILA seeks to
23  protect credit consumers by mandating "meaningful disclosure of credit terms."  15 U.S.C.
24  §1601(a).  Its provisions impose certain duties on creditors.  The statute itself defines
25  "creditor" as referring only to "the person to whom the debt arising from the consumer credit
26  transaction is initially payable on the face of the evidence of indebtedness."  15 U.S.C.
27  §1602(f).  TILA has been amended to extend liability to assignees of the original creditor in
28  certain situations. 15 U.S.C. § 1641(a).  However, this provision applies "only if the violation

1   for which such action or proceeding is brought is apparent on the face of the disclosure

2   statement, except where the assignment was involuntary." Id.

3       Plaintiff alleges that Defendants violated 15 U.S.C. §1635(a) and Regulation Z

4   §226.23(b),12 C.F.R. § 226.23, by failing to furnish to Plaintiff a notice of right to cancel that

5   correctly identified the transaction, clearly and conspicuously disclosed Plaintiff's right to

6   rescind the transaction, how to exercise the right to rescind, disclose the effects of rescission,

7   and disclose the date the rescission period expired. (Compl. ¶ 34.) Plaintiff alleges that this

8   violation renders the credit transaction void and entitles Plaintiff to damages. (Id. ¶ 35.)

9       The Court concludes that Defendant FDIC-Receiver is entitled to judgment on

10  Plaintiff's second cause of action for damages under TILA. Plaintiff alleges in his complaint

11  that Plaza was the originating lender and that Mason was the broker and that they failed to

12  adequately disclose information relating to the right to rescind. (Compl. ¶¶ 2-3.) Plaintiff

13  alleges that IndyMac was a subsequent servicer of the loan after IndyMac acquired unknown

14  rights and/or responsibilities from Plaza on an unknown date. (Id. ¶ 21.) Therefore, IndyMac

15  is not liable under TILA as the originating creditor, as IndyMac is not "the person to whom the

16  debt arising from the consumer credit transaction is initially payable on the face of the

17  evidence of indebtedness." Plaintiff has not alleged that the TILA violations were apparent

18  from the face of the disclosure statement and has not attached any disclosure statement to the

19  complaint, and therefore has not sufficiently pled that FDIC-Receiver can be held liable as an

20  assignee of the original creditor, Plaza. Accordingly, Plaintiff fails to sufficiently state a claim

21  against FDIC-Receiver for violations of TILA relating to non-disclosures or incomplete

22  disclosures given at the time of the loan transaction regarding the right to rescind.

23      Furthermore, Plaintiff's TILA claim for statutory damages against FDIC-Receiver is

24  likely barred by the statute of limitations. A request for any damages under TILA is subject

25  to a one year statute of limitations, typically running from the date of the loan execution. 15

26  U.S.C. §1640(e). Plaintiff's loan was executed on or about December 8, 2006 and this action

27  was filed on September 17, 2008. (Compl.) Therefore, from the face of the complaint,

28  Plaintiff's claim for statutory damages appears time-barred as Plaintiff alleges that the notice

of right to cancel furnished to Plaintiff at the time of the transaction failed to clearly disclose the right to rescind.  (Id. ¶¶ 17, 34.)  The Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances," such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly." Id. The applicability of equitable tolling often depends on matters outside the pleadings. Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted.)  Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6) motion." Id.  Here, however, Plaintiff has not alleged any facts that would entitle Plaintiff to equitable tolling against FDIC-Receiver.  Accordingly, the Court grants FDIC-Receiver's motion for judgment on the pleadings on Plaintiff's cause of action for damages under TILA.

**C. California Civil Code § 1632**

Plaintiff's third cause of action is for a violation of California Civil Code § 1632. (Compl. ¶¶ 36-38.)   Plaintiff alleges that he is a native Spanish speaker and that the negotiations and transaction were conducted primarily in Spanish, but that no contract documents or disclosures were delivered prior to the transaction in Spanish  in violation  of California Civil Code §1632.  (Id. ¶ 37.)  California Code §1632 requires a translation of a contract or agreement in the language in which the contract was negotiated be provided for a "loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240)."  Cal. Civ. Code §1632(b)(4).  Section 10204 in turn, applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker. Cal. Bus. & Prof. Code §10204.

Plaintiff fails to plead a cause of action against FDIC-Receiver for a violation of §1632, as Plaintiff does not allege that IndyMac was a real estate broker and thus subject to the requirement to provide a translation.  Plaintiff alleges that Defendant Mason was the broker and that Plaza was the originating lender.  (Compl. ¶¶ 2-3.)  Furthermore, IndyMac is not

1  alleged to have been involved in the origination of the loan and thus cannot be liable for

2  disclosure violations occurring at the time of origination.  Plaintiff's legally conclusory

3  allegation that each Defendant is responsible for the acts of other Defendants based on the

4  doctrine of respondeat superior is insufficient to state a claim against FDIC-Receiver for a

5  violation of §1632.  (See id. ¶ 23.) Accordingly, the Court grants FDIC-Receiver's motion for

6  judgment on the pleadings on Plaintiff's third cause of action.

7  **D.  Negligent Misrepresentation**

8       Plaintiff's fourth cause of action against FDIC-Receiver is for negligent

9  misrepresentation.  (Compl. ¶¶ 39-42.)  "The elements of negligent misrepresentation are '(1)

10  the misrepresentation of a past or existing material fact, (2) without reasonable ground for

11  believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented,

12  (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Nat'l Union Fire

13  Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal.App.4th 35, 50 (2009) (citation

14  omitted).

15       Plaintiff alleges that "[p]rior to the funding of the loan, Mason and/or Plaza represented

16  to Plaintiff that very favorable loans, loan terms and interest rates were available to him."

17  (Compl. ¶ 15.)  "As a result, Broker [Mason], Plaza and others convinced Plaintiff to refinance

18  the loan on the Subject Property and to take on a new loan with Plaza."  (Id.)  Plaintiff alleges,

19  on information and belief, that "Mason, Plaza and Defendants knew or intended that Plaintiff

20  receive a worse loan, and that the worse loan produced a higher commission for them because

21  it was at a higher interest rate and subject to higher fees," and that "Mason, Plaza and

22  Defendants knew or should have known that in the event of Plaintiff's inability to perform on

23  the loan, prepayment penalties, commissions and other foreseeable charges to Plaintiff would

24  constitute an additional payment stream to the benefit of Defendants."  (Id.) Plaintiff alleges

25  that despite these representations concerning the loan by Mason and Plaza, the loan was not

26  as represented because it was at a higher interest rate, the payments were higher than agreed

27  upon, there was less equity in the Subject Property than represented, there was less money

28  available to Plaintiff than represented, and the loan became unaffordable for Plaintiff.  (Id. ¶

16.)  Plaintiff alleges that Defendants' representations were made with the intent of inducing Plaintiff to act in reliance on those representations or with the expectation that Plaintiff would so act and that Plaintiff was damages as a proximate result of the alleged negligent misrepresentations.  (Id. ¶¶ 41-42.)

The Court concludes that FDIC-Receiver is entitled to judgment on Plaintiff's cause of action for negligent misrepresentation.  Nowhere in Plaintiff's allegations concerning false or misleading statements does Plaintiff allege that IndyMac made any false or misleading representations.  The misrepresentations alleged by Plaintiff relate to the time prior to the funding of the loan and the origination of the loan, when, according to Plaintiff's own complaint, IndyMac was not involved as a lender or broker and had no interest in the loan. (See Compl. ¶¶ 2-3, 15, 21.)  Plaintiff's conclusory allegation that IndyMac assumed the responsibilities and duties owed to Plaintiff by purchasing or otherwise acquiring unknown rights and /or responsibilities relating to Plaintiff's loan from Plaza is insufficient to cure the complaint's pleading deficiencies.  Additionally, Plaintiff makes only conclusory allegations that the alleged representations made by Plaza and Mason were false or misleading without any factual support to make Plaintiff's claim plausible.  Accordingly, the Court grants FDIC-Receiver's motion for judgment on the pleadings on Plaintiff's cause of action for negligent misrepresentation.  The Court also notes that Plaintiff's cause of action for negligent misrepresentation may be subject to the heightened pleading standard of Rule 9(b) and has failed to allege his negligent misrepresentation claim with the requisite specificity. See Cadlo v. Owens-Illinios, Inc., 125 Cal.App.4th 513, 519 (2004) ("Each element in a cause of action for fraud or negligent misrepresentation must be factually and specifically alleged.").

**E. Rescission**

Plaintiff's fifth cause of action is for rescission.  (Compl. ¶¶ 43-47.)  It is unclear from Plaintiff's complaint under what statutory or legal authority he seeks rescission, but alleges that, "Defendants do not have and cannot produce an original deed and an original note relating to the loan," and that, "Plaintiffs had a continuing right to rescind the transaction until the third business day after receiving both a proper and accurate cancellation rights notice and

all material disclosures, pursuant to 15 U.S.C. 1635(a) and Regulation Z 226.23(a)(3)."  (Id. ¶¶ 44-45.)  Thus, it appears Plaintiff seeks rescission based upon the allegation that Defendants cannot produce an original deed and note and based upon the alleged TILA violations. Additionally, Plaintiff argues in his opposition that he seeks rescission based upon equitable principles under California law.  (Doc. No. 37 at 14.)

The Court concludes that FDIC-Receiver is entitled to judgment on Plaintiff's cause of action for rescission under any of these theories.  Plaintiff's allegation that Defendants cannot produce the original deed and note does not give rise to a right of rescission.  The California statute governing non-judicial foreclosure is codified in the California Civil Code at § 2924, et seq.  This statute establishes an exhaustive comprehensive statutory framework governing non-judicial foreclosure sales and covers every aspect of exercise of the power of sale contained in a deed of trust.  Moeller v. Lien, 30 Cal.Rptr.2d 777 (Cal. Ct. App. 1994); I. E. Assocs. v. Safeco Title Ins. Co., 29 Cal.Rptr.438 (Cal. 1985).  The statute does not require the entity initiating the foreclosure sale to provide evidence to the borrower or a court establishing its right to do so, nor does it require that entity to have possession of the note.  Because California law does not require production of the original note in order to proceed with a non-judicial foreclosure, any claim Plaintiff bases on the allegation that Defendant FDIC-Receiver has to produce the original Note to foreclose upon his home fails as a matter of law.  Cal. Civ. Code §§ 2924(a), et seq.

Any claim by Plaintiff for rescission against FDIC-Receiver based upon TILA violations also fails. Plaintiff has not sufficiently alleged FDIC-Receiver's liability for the alleged nondisclosures under TILA and Plaintiff has not alleged the unconditional offer of payment and the present ability to perform.  15 U.S.C. §1635(b) ("Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value."); Yamamoto v. Bank of New York, 329 F.3d 1167, 1173 (9th Cir. 2003) (holding that a court has the power to "impose conditions on rescission that assure the borrower meets her obligations once the creditor has performed its

1    obligations").  Accordingly, Plaintiff fails to state a claim under TILA for rescission against

2    FDIC-Receiver.

3         Plaintiff argues in his opposition that he seeks rescission under California law based

4    upon equitable principles due to Defendants' negligent misrepresentations and fraud.  Under

5    California Civil Code §1689(b)(1), "a party to a contract may rescind the contract . . . if the

6    consent of the party rescinding . . . was given by mistake, or obtained through duress, menace,

7    fraud, or undue influence."  Plaintiff's argument that the contract should be rescinded based

8    upon fraud and negligent misrepresentations fails as he fails to plead actionable

9    misrepresentations of IndyMac.  Additionally,  California Civil Code § 1693 provides that in

10   granting rescission, "the court may make a tender or restoration a condition of its judgment."

11   The Court concludes that such a requirement is warranted in this case, and Plaintiff has not

12   alleged that he is able to tender.  Accordingly, the Court grants FDIC-Receiver's motion for

13   judgment on the pleadings on Plaintiff's cause of action for rescission.

14   **F.  Unjust Enrichment**

15        Plaintiff's sixth cause of action against FDIC-Receiver is for unjust enrichment.

16   (Compl. ¶¶ 48-49.)  Plaintiff alleges, "[b]y their misrepresentations, omissions and other

17   wrongful acts alleged . . . Defendants . . . were unjustly enriched at the expense of Plaintiff,

18   and Plaintiff was unjustly deprived, and is entitled to restitution."  (Id. ¶ 49.)  A claim for

19   unjust enrichment requires pleading "the receipt of a benefit and the unjust retention of the

20   benefit at the expense of another."  Lectrodryer v. Seoulbank, 77 Cal. App. 4th 723, 726

21   (2000).

22        Plaintiff has failed to sufficiently allege any wrongdoing, misrepresentations, or

23   omissions by FDIC-Receiver and fails to allege what benefit FDIC-Receiver unjustly retained.

24   Therefore, because Plaintiff's cause of action for unjust enrichment necessarily depends on his

25   other failed claims against FDIC-Receiver, it similarly fails.  Accordingly, the Court grants

26   FDIC-Receiver's motion for judgment on the pleadings on Plaintiff's cause of action for unjust

27   enrichment.

28   / / /

1

### G. Request for Injunctive Relief

2      Plaintiff in his prayer for relief seeks injunctive relief against all Defendants to enjoin

3  them from selling or conveying any interest whatsoever that Plaintiff may have in the Subject

4  Property. FDIC-Receiver asserts that pursuant to the Financial Institutions Reform, Recovery,

5  and Enforcement Act of 1989 ("FIRREA"), courts lack jurisdiction to enjoin or restrain the

6  FDIC's exercise of its powers as a Receiver. (Doc. No. 35 at 5.)  Under 12 U.S.C. §1821(j),

7  "[e]xcept as provided in this section, no court may take any action, except at the request of the

8  Board of Directors by regulation or order, to restrain or affect the exercise of powers or

9  functions of the Corporation as a conservator or a receiver."  Therefore, it appears that

10  Plaintiff's request for injunctive relief against FDIC-Receiver fails as a matter of law.  In any

11  case, a cause of action must exist before injunctive relief may be granted. See Shamsian v. Atl.

12  Richfield Co., 107 Cal.App.4th 967, 984-85 (2003).  Because FDIC-Receiver is entitled to

13  judgment on the pleadings on all of Plaintiff's causes of action asserted against it, any request

14  by Plaintiff for injunctive relief against FDIC-Receiver fails.

15                              **Conclusion**

16      For the reasons set forth above, the Court GRANTS Defendant FDIC-Receiver's motion

17  for judgment on the pleadings as to all of Plaintiff's causes of action asserted against FDIC-

18  Receiver.

19      **IT IS SO ORDERED.**

20  DATED: September 4, 2009

21

22                              MARILYN L. HUFF, District Judge
                                UNITED STATES DISTRICT COURT

23

24

25

26

27

28